# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

In Re:

    Twin Cities Stores, Inc.,  
    Twin Cities Avanti Stores, LLC,

                  Debtors.

Chapter 11 Cases  
BKY 09-34468-DDO  
BKY 09-34469-DDO  
Jointly Administered

**ORDER ALLOWING ADMINISTRATIVE EXPENSE IN PART**

This matter was heard on February 3, 2010, on motion of Marathon Petroleum Company, LLC, for allowance of an administrative expense. Appearances are noted in the record of the proceedings. Having listened to arguments of counsel, and reviewed their briefs, the Court now makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I

Marathon requests payment of administrative expenses for post-petition removal of the Marathon brand trademarks from properties under the control of the debtors, for debtors' retention of certain of Marathon's personal property, and, for post-petition real estate taxes and accruing penalties. The Court finds that Marathon is not entitled to an administrative expense for brand removal because the claim is based on the breach of a pre-petition executory contract terminated by Marathon pre-petition. The Court further finds that Marathon is not entitled to an administrative expense for the debtors' post-petition retention of certain Marathon personal property because Marathon has not shown that the bankruptcy estates used the property or that the retention otherwise benefitted the estates.

Finally, the Court finds that Marathon is entitled to an administrative expense in the amount of $44,070.07, pursuant to 11 U.S.C. § 507(b), in the estate of Twin Cities Avanti Stores, LLC, for failure of the debtor to pay real estate taxes pursuant to post-petition cash collateral stipulations and orders.

II

Brand Removal

Prior to their bankruptcy filings, the debtors sold gasoline furnished by Marathon Petroleum Company, LLC, at various locations under a supply agreement that allowed the debtors to use Marathon branding as long as the agreement was in effect between the parties. The agreement required the debtors to remove the branding at their expense upon default of other terms of the agreement. The debtors defaulted, Marathon stopped supplying gasoline, and Marathon demanded that the debtors remove Marathon branding from their locations by letter of May 7, 2009. The letter stated that the agreement had been terminated by Marathon on May 6, 2009. The debtors had not removed the branding at bankruptcy filing on June 30, 2009. Marathon contracted with third parties to remove the branding post-petition, and seeks an administrative claim in the amount of $114,588.91 for the cost of removal.

Pursuant to 11 U.S.C. § 503(b)(1)(A), "[a]fter notice and hearing, there shall be allowed, administrative expenses . . . including the actual, necessary costs and expenses of preserving the estate . . ." An administrative expense is allowable for a claim that arises post-petition, the consideration for which provides a substantial benefit to the bankruptcy estate. In re Lull Corp., 162 B.R. 234, 240 (Bankr. D. Minn. 1993). Here, Marathon's claim arose pre-petition upon default of the debtors under the supply agreement. The fact that

the claim was liquidated post-petition does not change the nature of the claim as a pre-petition unsecured claim.[1] Therefore, Marathon simply has a pre-petition unsecured claim against the debtors for the cost of brand removal.

Retention of Certain Personal Property

Marathon claims an administrative expense in the amount of $12,900, for a number of credit card imprinters that were not returned to Marathon by the debtors post-petition. These machines were used in connection with processing Marathon credit cards and the supply agreement required the debtors to return them upon cancellation of the agreement. Again, Marathon's claim arose pre-petition on May 6, 2009, when it terminated the supply agreement. Marathon offered no evidence that the imprinters were used by the debtors post-petition or that the estates otherwise derived any benefit from retaining them. Marathon's claim regarding the imprinters is simply a pre-petition unsecured claim.

Real Estate Taxes and Penalties

The debtors claim that Marathon is not entitled to an administrative expense for their failure to pay real estate taxes that became due post-petition on property of the debtors and upon which Marathon had liens. They argue that the taxes were not liabilities of the debtors or Marathon, were assessed against the real estate by Hennepin County, and that paying the taxes or reimbursing Marathon would provide no benefit to the respective estates. Marathon was granted relief from stay on eleven of the properties in November 2009. Delinquent taxes on those total $33,209.88.

---

[1] Marathon argues that the debtors continued selling gasoline under its branding at certain locations post-petition, but offered no specific evidence of location, volume, or benefit to the estates. An allowance of administrative expense for post-petition use of Marathon branding would be based on benefit to the estates, not the cost of brand removal.

The debtors' position ignores the fact that the estates and Marathon entered into post-petition cash collateral agreements, approved by several Court orders, that together required Twin Cities Avanti Stores, LLC to timely pay at least $80,000 in real estate taxes on property mortgaged to Marathon.[2] The debtors admit that Twin Cities Avanti Stores defaulted on that obligation in the amount of $44,070.07. Marathon is entitled to a superpriority administrative expense in that amount for failure of adequate protection pursuant to 11 U.S.C. §§ 507(b), (a)(2), and 503(b)(1). In re Becker, 52 BR 975 (Bankr. D. Minn. 1985).

Marathon requests the allowance against both debtors. But, the post-petition obligation under the cash collateral stipulations and orders was owing by Twin Cities Avanti Stores, LLC, not Twin Cities Stores, Inc. The two cases are jointly administered, not substantively consolidated. Administrative expenses of one cannot be charged against the estate of the other.

---

[2] The orders were issued on July 2, 6, and 23, August 28, September 4, and November 2, 2009.

**III**

For these reasons, Marathon Petroleum Company, LLC, is entitled to a superpriority administrative expense in the estate of Twin Cities Avanti Stores, LLC, in the amount of $44,070.07 pursuant to 11 U.S.C. §§ 507(b), (a)(2), and 503(b)(1). Marathon's motion is otherwise denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Marathon Petroleum Company, LLC is allowed a superpriority administrative expense in the estate of Twin Cities Avanti Stores, LLC, in the amount of $44,070.07.

Dated: March 19, 2010                                By The Court:


/e/ Dennis D. O'Brien
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *03/19/2010*
Lori Vosejpka, Clerk, By DLR, Deputy Clerk